**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **CASE NO.: 3:14-bk-05220** |
| **BRADLEY JAY SEGAL,** | ) | **CHAPTER 13** |
| Debtor. | ) | |

## CHAPTER 13 PLAN

The Debtor submits the following Chapter 13 Plan:

1.      The future earnings of the Debtor are submitted to the control and supervision of the Trustee, and the Debtors shall pay to the Trustee the sum **$613.17** per month in months one (1) through five (5), **$279.84** per month in month six (6), and **$1,370.99** per month in months seven (7) through sixty (60) for a total Plan period of sixty (60) months.

2.      From the payments so received, the Trustee shall make disbursements as follows:

A.      **PRIORITY CLAIMS**
       (1)      The fees and expenses of the Trustee shall be paid over the life of the plan at the rate of ten percent (10%) of the amount of all payments under the plan.

       (2)      The Debtor(s) owe **$1,500.00** in unpaid attorney's fees.  The Trustee shall pay the order of Parker & DuFresne, P.A. **$300.00** per month in the month's one (1) through five (5) until paid in full.

B.      **SECURED CLAIMS**
       (1)      **Wells Fargo Home Mortgage** holds a mortgage on the Debtors' real property located at **1920 Village Glen Drive  Saint Johns, FL 32259-9421** account no. x-2862**.** holds a first mortgage on the Debtor(s)' homestead property.  This Debtor is current with his payments to this creditor and shall continue to make the regular monthly payment of directly to the creditor **outside the plan**.  The Trustee shall make no payments to this creditor

       (2)      **Harley Davidson Credit Corp** holds a perfected lien on the Debtors' 2012 Harley Davidson in the amount of $**12,000.00** account no. x-7558. The Trustee shall pay this secured claim with equal monthly payments of **$251.85** per month in months one (1) through sixty (60). This includes the contract terms and interest rate. Any remaining balance at completion of the plan the Debtor shall pay direct to the creditor until paid in full.

C.   **UNSECURED CLAIMS**    Unsecured creditors, including those secured creditors who have deficiency claims or whose liens have been avoided and who timely file proofs of claim shall receive distribution pro-rata.  The Trustee shall distribute pro-rata among those unsecured creditors whose claims are filed and allowed any funds remaining after paying priority and secured claims a total of **$53,030.00**.  This shall be paid with payments of **$982.04** per month in months seven (7) through sixty (60).  Any claims filed after the proof of claims deadline shall receive no distribution under this plan unless specifically provided for above.

3.   **EXECUTORY CONTRACTS**  The Debtors **do not reject** any executory contracts.

4.   **VESTING**    Title to all property of the estate shall revest in the Debtors upon confirmation of this plan.

5.   **RETENTION OF LIEN**  Secured creditors shall retain their liens until the allowed secured claim is paid in full.

6.   **INSURANCE**  Debtors shall keep the collateral which secures any debt paid under this plan insured as provided for in the agreement between the Debtors and creditor.

7.   **CONFIRMATION OF THE PLAN** shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust on the principal residence of the Debtors to do all of the following:

A.   To apply the payments received from the Trustee on the prepetition arrearages, if any, only to such arrearages.  For purposes of this Plan the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

B.   To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default or defaults.

C.   To apply the direct post-petition monthly mortgage payments paid by the Trustee or by the Debtor(s) to the month in which each payment was designated to be made under the plan or directly by the Debtor(s), whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance, or similar account.

D.     Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtors' completion of the Plan, unless specifically provided for in the Confirmation Order, or by further order of the Court on motion filed prior to completion of the Plan.

**DATED** October 23, 2014.

PARKER & DUFRESNE, P.A.
/s/E. Warren Parker, Jr.

_____

E. Warren Parker, Jr.   , Esquire
Florida Bar No.: 958506
8777 San Jose Blvd., Suite 301
Jacksonville, FL 32217
Telephone: (904) 733-7766
Facsimile:  (904) 733-2919
Attorney for Debtor
bankruptcyservice@jaxlawcenter.com